CHARLES J. SCHUCK, Judge.
The above claims growing out of the same facts, for the purpose of this opinion, are herewith considered jointly. The state department involved having filed a plea denying the court’s jurisdiction to hear and determine the claims on their merits, we are now called upon to render an opinion on the pleadings as filed, by the claimants and the said plea as to jurisdiction. This court has heretofore on *13 several occasions passed upon the question here involved, and has held that we are without jurisdiction to hear and determine any claim or matter involving a county board of education. See Dillon v. Summers County Board of Education, 1 Ct. Claims (W. Va.) 366; Richards v. State and Calhoun County Boards of Education, 3 Ct. Claims (W. Va.) 251.
We appreciate, however, that the claimants have made the state board of education a party to these proceedings, and are seeking by argument presented in an able brief to make the state board liable, on the theory that under section 5, article 2, chapter 18 of the code of West Virginia (1933) the state board shall make rules and carry into effect the laws and proceedings of the state relating to education, “. . . including rules relating to the physical welfare of pupils, . . and further, that under section 3, article 3 of the same chapter the general supervision of the schools is vested in the state superintendent of schools.
We have again considered the foregoing provisions in connection with the claims as presented, and are of the opinion to affirm our former opinions herein referred to and to hold that we are without jurisdiction to hear and determine the merits of the said claims. Chapter 39 of the acts of the Legislature 1945 specifically excludes from our consideration or jurisdiction any claim that may grow out of any matter involving a county board of education, and also excludes all county boards of education from the definition of the term “state agency” as found in the act creating this court.
We believe that the Legislature clearly intended, by the aforesaid act, to take from this court every right to hear and determine any question involving in any manner a claim against any county board of education, even when coupled with the state board. • Especially is this true, in our opinion, when the claims, as presented, arose originally by reason of the alleged negligence of employes or attaches employed by the county board of education and under the *14 control and supervision of such board. The statute above' referred to is plain and unambiguous, clear and definite in its application, and therefore leaves not the slightest reason for doubt or conjecture.
The local or county board of education has full charge of the personnel that is required to operate the schools located within,the county; retains the services of teachers, superintendents and principals, as well as janitors and those employed in and about the school buildings, and who are charged with keeping the buildings in a safe, sanitary condition for the welfare of pupils enrolled in the school; fixes their salaries and discharges them when their services are no longer wanted or required. The state boárd of education does not control this personnel in any way, except as to certain requirements that are necessary in the matters of superintendents, principals and teachers before they can be employed by the local board. The negligence, therefore, of any employe such as a janitor or one in charge of the school buildings, could not by the widest stretch of the imagination place upon a state board a moral obligation to respond in damages for the negligence of an employe of the local board. We cannot agree with the proposition that the state board is in any sense involved, and feel that we are likewise enjoined from hearing any matter against the state board, not only by reason of the imputation and intent of the legislative acts, but by decisions of our State Court of Appeals as well. These claims seem to be highly meritorious, and claimants, of course, can still present the matter to the Legislature for appropriate action.
The plea to the jurisdiction is sustained and the cases dismissed.